```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

DAVID DONALDSON,

        Petitioner,

    -v-                               06-CV-0727(MAT)
                                           **ORDER**

WILLIAM LAPE, Superintendent
of Marcy Correctional Facility,

        Respondent.

## I.   Introduction

Petitioner David Donaldson ("petitioner") filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction of Attempted Course of Sexual Conduct Against a Child in the First Degree (N.Y. Penal L. §§ 110.00, 130.75[a]). Following a guilty plea in Chemung County Court before Judge James Hayden, petitioner was sentenced as a second felony offender to five years of imprisonment and five years of post-release supervision. Sentencing Mins. 2-5.

## II.   Factual Background and Procedural History

On more than one occasion between August 1996 and March 1997, petitioner touched and put his mouth on the genitalia of his ten-year-old daughter. Plea Mins. 7-8. By Chemung County Indictment No. 2002-13, petitioner was charged with Course of Sexual Conduct Against a Child in the First Degree, two Counts of Sodomy in the

1

Second Degree, and Sexual Abuse in the Second Degree. On April 5, 2002, petitioner pleaded guilty to one count of Attempted Course of Sexual Conduct Against a Child in full satisfaction of the four-count indictment.

Petitioner appealed his conviction to the Appellate Division, Third Department, which was unanimously affirmed. People v. Donaldson, 1 A.D.3d 800 (3rd Dept. 2003); lv. denied 2 N.Y.3d 739 (2004). On appeal, petitioner raised the following issues: (1) that his guilty plea was neither knowing, voluntary, nor intelligent; (2) he did not receive effective assistance of trial counsel; and (3) the sentence imposed was harsh and excessive. See Petitioner's ("Pet'r") Appellate Br. 10-20. The Appellate Division rejected these claims on procedural grounds and also on the merits.

Petitioner then filed a *pro se* motion to vacate his conviction pursuant to New York Crim. Proc. Law ("C.P.L.") § 440.10, alleging ineffective assistance of trial counsel and newly discovered evidence. See Respondent's ("Resp't") Ex. E. This motion was denied by the Chemung County Court. See Decision and Order, No. 2002-13, dated 7/28/2005; Resp't Ex. H. Leave to appeal the denial of that decision was denied by the Appellate Division. Ex. J.

On March 24, 2006, petitioner challenged his appellate counsel's effectiveness in a motion for a writ of *error coram nobis*. Ex. K. That motion was summarily denied by the Appellate

Division, and leave to appeal the denial was also denied by the New York Court of Appeals. Ex. N-P.

Petitioner then filed this timely petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he alleges ineffective assistance of both trial and appellate counsel, that his guilty plea was not knowing and voluntary, and that the county court erroneously denied his motions for collateral relief without evidentiary hearings. Petition ("Pet.") 5-36. (Dkt. #1). The respondent has filed a Memorandum of Law opposing the petition, with accompanying exhibits. (Dkt. #10). On May 10, 2007, the Court received a letter from petitioner requesting the appointment of counsel. (Dkt. #11). That request is denied by this Decision and Order because each of the grounds upon which petitioner seeks habeas relief are those which can be addressed and reviewed by means of the record already before the Court.

For the reasons that follow, the Court does not find that petitioner is entitled to habeas relief, and the action is dismissed.

**III. Discussion**

    **A.    General Principles Applicable to Habeas Review**

        **1.    Standard of Review**

To prevail under 28 U.S.C. § 2254, as amended in 1996, a petitioner seeking federal review of his conviction must demonstrate that the state court's adjudication of his federal

constitutional claim resulted in a decision that was contrary to or involved an unreasonable application of clearly established Supreme Court precedent, or resulted in a decision that was based on an unreasonable factual determination in light of the evidence presented in state court. See 28 U.S.C. § 2254(d)(1), (2); Williams v. Taylor, 529 U.S. 362, 375-76 (2000).

### 2. Exhaustion Requirement and Procedural Bar

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State ...." 28 U.S.C. § 2254(b)(1)(A); see, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 843-44 (1999); accord, e.g., Bossett v. Walker, 41 F.3d 825, 828 (2d Cir. 1994), cert. denied, 514 U.S. 1054 (1995). "The exhaustion requirement is not satisfied unless the federal claim has been 'fairly presented' to the state courts." Daye v. Attorney General, 696 F.2d 186, 191 (2d Cir. 1982) (*en banc*), cert. denied, 464 U.S. 1048(1984). "The exhaustion requirement is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings, and is not satisfied unless the federal claim has been 'fairly presented' to the state courts." Jimenez v. Walker, 458 F.3d 130, 148-149 (2d Cir. 2006) (internal citations and quotation marks omitted).

4

Federal courts will be procedurally defaulted from habeas review of a "question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment ... whether the state law ground is substantive or procedural." Cotto v. Herbert, 331 F.3d 217, 238 (2d Cir. 2003) (describing the "adequate and independent state grounds" doctrine); see Harris v. Reed, 489 U.S. 255, 261 (1989). The bar on habeas review resulting from a procedural default applies even where the state court issues an alternative holding addressing a procedurally defaulted claim on the merits. See, e.g., Harris v. Reed, 489 U.S. 255, 264 n. 10 (1989); Velasquez v. Leonardo, 898 F.2d 7, 9 (2d Cir. 1990) (*per curiam*). If the petitioner can "show both cause and prejudice, or a fundamental miscarriage of justice," however, federal court review may be allowed. Fama v. Comm'r of Corr. Servs., 235 F.3d 804, 809 (2d Cir. 2000).

**B. Merits of the Petition**

**1. Ineffective Assistance of Trial Counsel**

Petitioner contends that he received ineffective assistance of counsel because his assigned counsel allegedly withdrew a favorable plea agreement "secretly" and without petitioner's consent. See Pet. 5-7. (Dkt. #1).

The standard established by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 687 (1984) applies to a claim of

ineffective assistance of counsel arising out of the plea bargaining process. Hill v. Lockhart, 474 U.S. 52, 57 (1985). To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient, and that this deficient performance prejudiced his defense. Strickland, 466 U.S. at 687. Deficiency is measured by an objective standard of reasonableness and whether, "in light of all the circumstances, the identified acts or omissions, were outside the wide range of professionally competent assistance." Id. at 690. In terms of guilty pleas, the "prejudice" requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Hill, 474 U.S. at 59. To prevail, a petitioner must show that there is a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id.

The Appellate Division, Third Department, held that petitioner's claim of ineffective assistance of counsel was unpreserved based on his failure to move to withdraw his plea or vacate the judgment of conviction. Donaldson, 1 A.D.3d at 801. In addition, the appellate court held that the majority of petitioner's contentions concerned matters outside the record, and "would be more appropriately addressed in a CPL article 440 motion . . . ." Id. Alternatively, the court held that petitioner's

allegation was belied by the record, and that petitioner received meaningful representation. Id.

The § 440 court similarly rejected petitioner's contention that defense counsel failed to adequately advise petitioner regarding the offered plea agreement. The Chemung County Court found that petitioner's guilty plea was knowing, voluntary, and intelligent, and that the allegation of ineffective assistance of counsel was "baseless", as it was petitioner himself who had rejected the initial, more favorable, plea agreement. See Decision and Order, No. 2002-13, dated 7/28/05 at 2; Hearing Mins. dated 1/9/02.

This Court finds petitioner's claim to be completely baseless. He alleges that his assigned counsel, who had represented him prior to his indictment, improperly withdrew a plea offer of two and one-half years of incarceration plus two and one-half years of post-release supervision. Pet. 6-9. Petitioner claims that counsel did so without consulting petitioner and without his consent to withdraw the plea. The record clearly contradicts this assertion. In a C.P.L. § 190.80 proceeding dated January 9, 2002 before Judge Peter Buckley in Chemung County Court, petitioner's attorney informed the court that petitioner had declined the previous plea offer because he was "uncomfortable with the plea." Hearing Mins. dated 1/9/02 at 4. Petitioner was present at that proceeding and did not contest his attorney's statements. It appears that

petitioner is dissatisfied with his ultimate sentence, and his initial choice to reject the more favorable plea. Petitioner's unhappiness with the outcome of his case is not, however, a valid basis for alleging the ineffectiveness of trial counsel. Albanese v. United States, 415 F.Supp.2d 244, 254 (citing United States v. Garguilo, 324 F.2d 795, 797 (2d Cir. 1963) ("A convicted defendant is a dissatisfied client, and the very fact of his conviction will seem to him proof positive of his counsel's incompetence.")).

To the extent petitioner contends that he was ill-advised to enter his eventual guilty plea, this too is without merit. To raise a claim of ineffective assistance of counsel despite a guilty plea, the petitioner must show that the plea agreement was not knowing and voluntary because the advice he received from counsel was not within acceptable standards. Parisi v. U.S., 529 F.3d 134, 138-39 (2d Cir. 2008) ("[A]lthough challenging the attorney's role in shaping the defendant's bargaining position cannot avoid the waiver, challenging the attorney's advice about that bargaining position, by connecting the knowing and voluntary nature of the defendant's plea decision with the attorney's conduct, does.").

There is nothing in the record to indicate petitioner received nothing but competent, zealous representation from his assigned counsel. He received a favorable plea agreement through counsel's assistance, and cannot establish that, had he proceeded to trial, he would have received a more favorable sentence. In his plea

allocution, petitioner stated explicitly that he had enough time to discuss the matter with his attorney, and that he had chosen to plead guilty freely and voluntarily. Plea Mins. 3-5. He also affirmed that he understood the consequences and waivers associated with his guilty plea. Id. at 4-6. Petitioner has thus not established that counsel's performance was objectively unreasonable, or that he suffered prejudice as a result of counsel's conduct. Accordingly, the state courts' rejection of this claim was neither "contrary to" nor an "unreasonable application" of Strickland v. Washington.

This claim is dismissed.

### 2. Ineffective Assistance of Appellate Counsel

In Ground Two of his petition, petitioner claims he received ineffective assistance of appellate counsel because his attorney on appeal failed to include a meritorious issue in his brief to the Appellate Division Third Department. Namely, the issue that trial counsel withdrew a more favorable plea available to petitioner prior to the plea agreement he eventually entered. Pet. at 21-34. The Appellate Division, Third Department, summarily denied petitioner's motion for writ of *error coram nobis*. Ex. N.

It appears that petitioner is not actually asserting that appellate counsel was deficient in failing to raise a meritorious issue, but rather alleges a conspiracy theory in which the state willfully withheld a transcript of the C.P.L. § 190.80 motion of

January 9, 2002. Id. at 21-22. The § 440 court acknowledged that the transcript was not made part of the Record on Appeal, but that, in any event, the contents of the transcript were not favorable to petitioner's argument because they controverted petitioner's claim of ineffective assistance of trial counsel. See discussion *infra*, III.B.1.

Insofar as petitioner alleges that appellate counsel was ineffective, this claim is without merit. Because the underlying claim is meritless, appellate counsel's decision to omit it from the brief does not render counsel's conduct deficient. The Strickland test of ineffective assistance of counsel has been extended to claims regarding the performance of appellate counsel. Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994). Counsel need not advance every nonfrivolous argument that could be made on petitioner's behalf. Mayo, 13 F.3d at 533. Even though a petitioner seeking to prove ineffective assistance of counsel has an extremely high burden, he may establish constitutionally inadequate performance "if he shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." Id.

As discussed above, petitioner's underlying claim of ineffective assistance of trial counsel is wholly meritless. Where petitioner fails to establish that trial counsel is ineffective, appellate counsel thus "cannot be faulted for failing to raise this

unmeritorious claim on appeal." Harper v. Goord, No. 06-CV-485 (NGG)(JMA), 2009 WL 910341, at *15 (E.D.N.Y. Mar. 31, 2009) (citing U.S. v. Arena, 180 F.3d 380, 367-97 (2d Cir. 1999) ("Failure to make a meritless argument does not amount to ineffective assistance.")). The record indicates that appellate counsel did raise a claim of ineffective assistance of trial counsel, supported by other, more persuasive grounds, in addition to two well-researched and aptly-argued points on appeal. This can hardly constitute deficient performance. Because petitioner has not demonstrated that the state court's decision was contrary to, or an unreasonable application of clearly established federal law, this claim is dismissed.

### 3. Involuntary Guilty Plea

Petitioner contends that his guilty plea was flawed because he did not articulate the specific facts underlying the crime in his plea allocution, and because his attorney coerced him into pleading guilty without discussing the case with him. Pet. 34-35. On direct appeal, the Appellate Division held that petitioner's challenge to the voluntariness of his plea was unpreserved because he did not "move to withdraw the plea or vacate the judgment of conviction." Donaldson, 1 A.D.3d at 800 (citations omitted).[1]  Alternatively,

---

[1] As such, the claim is procedurally barred. The Appellate Division primarily relied on New York's preservation rule, codified at C.P.L. § 470.05(2), in rejecting petitioner's claim. The Second Circuit has recognized New York State's preservation rule as an adequate and independent state procedural rule which may preclude federal habeas review. See Garcia v. Lewis, 188 F.3d 71 (2d Cir.1999); see also, Brea v. New York City Probation

11

the Third Department reasoned that, "[the] County Court conducted a thorough inquiry as to whether defendant understood the plea agreement and the consequences thereof" and "was advised of the rights he was forfeiting by pleading guilty." Id. at 800-01. Despite the fact that petitioner's claim is procedurally barred, the merits of the instant claim are easily disposed of. See Lambrix v. Singletary, 520 U.S. 518, 525 (1997).

The Supreme Court has held that "the Constitution insists, among other things, that the defendant enter a guilty plea that is 'voluntary' and that the defendant must make related waivers 'knowingly, intelligently, [and] with sufficient awareness of the relevant circumstances and likely consequences." United States v. Ruiz, 536 U.S. 622, 629 (2002) (quoting Brady v. United States, 397 U.S. 742, 748 (1970)). It is well-settled that the voluntariness of the plea is determined by considering the totality of the circumstances surrounding its entry including whether it "'represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" Hill v. Lockhart, 474 U.S. 52, 56 (1985) (quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970)). In evaluating whether a plea was

---

Dept., 2004 WL 389011 at *7-8 (S.D.N.Y. Mar.3, 2004) (petitioner's claim that his guilty plea was involuntary because of some deficiency in his mental condition was procedurally defaulted by his failure to raise that specific ground as basis for his motion to withdraw his plea); Shanks v. Greiner, 2001 WL 1568815 at *4 (S.D.N.Y. Dec.10, 2001) (due process claim that petitioner's new, longer sentence violated plea agreement was procedurally defaulted; state appellate court declined to review the claim on the merits because petitioner had not sought withdrawal of the plea or *vacatur* of the judgment or sentence on that ground).

voluntarily made, three factors are relevant to the inquiry: (1) whether the defendant had the advice of counsel; (2) whether he understood the consequences of his plea; and (3) whether the plea was physically or mentally coerced. See Heron v. New York, No. 98 Civ. 9741 SAS, 1999 WL 1125059 at *5 (S.D.N.Y. Dec. 8, 1999) (citing Parke v. Raley, 506 U.S. 20, 29 (1992)).

In open court, petitioner pleaded guilty to one count of Attempted Course of Sexual Conduct Against a Child in the First Degree, a class C violent felony. He confirmed that he was entering the plea of his own free will, and had the opportunity to discuss the plea with his attorney. Plea Mins. 3. He acknowledged that by pleading guilty, he would waive the right to a jury trial, the right to cross-examine witnesses, and the right to present evidence on his own behalf. Id. at 5. Petitioner then admitted to the essential facts underlying the crime. In pertinent part, the plea colloquy reads:

> The Court: Mr. Donaldson, what is it you did between the period of August 1996 and March of 1997 that causes you to plead guilty this morning?
>
> Petitioner: I had sexual contact with my daughter, and oral sex.
>
> The Court: I'm sorry?
>
> Petitioner: Oral sex.

| | |
|---|---|
| The Court: | Well, how old was this child when you were doing it back then? |
| Petitioner: | Less than 11. |
| The Court: | How old was she back then? |
| Petitioner: | 10. |

. . .

| | |
|---|---|
| The Court: | And what kind of sexual acts did you engage in with her? |
| Petitioner: | I put my mouth on her vagina. |
| The Court: | Did you do that more than once? |
| Petitioner: | No. |
| The Court: | What other kinds of sexual acts did you do with this child? |
| Petitioner: | I just touched her. |
| The Court: | Where? |
| Petitioner: | In her vagina. |
| The Court: | With what? |
| Petitioner: | My fingers. |
| The Court: | On more than one occasion? |
| Petitioner: | No. |
| The Court: | Well did this all happen on just one occasion, or was - - |
| Petitioner: | No, there was more than one, yes. |
| The Court: | And what happened on these more than one occasions? |

> Petitioner: Just touched her, is all I did. Just the one occasion I put my mouth on her.

Plea Mins. 7-8; See N.Y. Penal Law §§ 110.00, 130.75.[2]

As evidenced by the transcript of the plea proceedings, petitioner cannot cogently argue that he "never clearly articulated the factual elements underlying the crime to which he allegedly committed." Pet'r Appellate Br. at 12.

With respect to petitioner's argument that he was "forced to plead guilty . . . or go to trial facing 15 to 25 years", is similarly unpersuasive. See Pet. at 10. "Every defendant involved in plea negotiations suffers the threat of conviction (often of greater charges or with a greater penalty), and must face such 'difficult choices.'" Gaines v. Murray, No. 03-CV-016A, 2008 WL 4890249 at *5 (W.D.N.Y. Nov. 12, 2008) (citing Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978) (quoting Chaffin v. Stynchcombe, 412 U.S. 17, 31(1973) (noting possibility that if defendant "exercises his right to plead innocent and to demand a jury trial, he will receive a higher sentence than would have followed a waiver of those rights)). Thus, a guilty plea is constitutionally valid even where it is "motivated by defendant's desire to accept the

---

[2] "A person is guilty of course of sexual conduct against a child in the first degree when, over a period of time not less than three months in duration:

(a) he or she engages in two or more acts of sexual conduct, which includes at least one act of sexual intercourse, oral sexual conduct, anal sexual conduct or aggravated sexual contact, with a child less than eleven years old . . . ." N.Y. Penal L. § 130.75.

certainty or probability of a lesser penalty rather than face a wider range of possibilities extending from acquittal to conviction and a higher penalty authorized by law for the crime charged". Brady v. United States, 397 U.S. 742, 751-52 (1970); accord, e.g., United States v. Cruz, 156 F.3d 366, 374 (2d Cir. 1998).

Where, as here, "a petitioner secured a significant strategic benefit by pleading guilty, courts [in this Circuit] are generally less likely to suspect an involuntary or misguided decision to plead." Scott v. Superintendent, Mid-Orange Corr. Facility, No. 03-CV-6383, 2006 WL 3095760 at *9 (E.D.N.Y. Oct. 31, 2006); see also Agyekum v. U.S., No. 01 CIV. 5808(RWS), 2002 WL 1000950, at *7; Feliz v. United States, No. 01 Civ. 5544(JFK), 2002 WL 1964347, at *7 (S.D.N.Y. Aug.22, 2002) (holding that "no prejudice exists when a plea agreement lessens the severity of the sentence defendant would face if convicted at trial.")

After an unfavorable ruling by the trial court on petitioner's motion to suppress his confession, petitioner elected to plead guilty. Pet. at. 10. Significantly, petitioner affirmed in open court that he understood that, although he faced up to fifteen years incarceration for the Attempted Course of Sexual Conduct charge as a second felony offender, see N.Y. Penal L. § 70.06, the sentence promised by the court was five years determinate, with up to five years of post-release supervision. Plea Mins. 3-4. The plea was also to include any uncharged sexual offenses against a second

victim, petitioner's step-daughter. Id. at 2. Petitioner was sentenced as promised, and did not receive a longer sentence than expected. He cannot now seek habeas relief on the basis of his mere dissatisfaction with his sentence, which arose out of a plea agreement knowingly and voluntarily entered (which indeed, was quite favorable).

In sum, all of the implications of petitioner's plea were known to him, and he entered it freely and voluntarily. This claim is therefore dismissed because he has not presented an error of constitutional magnitude.

### 4. Evidentiary Hearings

Petitioner complains that trial court's failure to conduct evidentiary hearings on his C.P.L. §§ 440.10, 440.20, and *error coram nobis* motions denied him his due process right to a fair trial. Pet. 35-36. However, the failure of a state court to hold a hearing is not, in and of itself, an independent ground for habeas relief. "[F]ederal habeas relief is not available to redress alleged procedural errors in state post-conviction proceedings." Jones v. Duncan, 162 F.Supp.2d 204, 217 (S.D.N.Y. 2001) ("[Petitioner's] remaining habeas ground, that the trial court's denial of his post-conviction CPL §§ 330.30 and 440.10 newly discovered evidence motions without holding a hearing constituted a denial of his constitutional due process rights (Pet.¶ 12(B)), is not cognizable on habeas review [.]") (collecting cases); Diaz v.

17

Greiner, 110 F.Supp.2d 204, 217-18 (S.D.N.Y. 2000) ("Petitioner's unsupported assertion that the trial court denied his (third) C.P.L. § 440.10 motion without a hearing violated due process is not cognizable on habeas review."). The Court finds that petitioner has raised no cognizable federal constitutional issue when he alleges that his due process rights were violated by the courts' failure to conduct evidentiary hearings with respect to his various post-conviction motions. Accordingly, this claim is dismissed.

**IV. Conclusion**

For the reasons stated above, David Donaldson's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the action is dismissed. Because the petitioner has failed to make a substantial showing of a denial of a constitutional right, pursuant to 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. See, e.g. Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

**SO ORDERED.**

_____S/Michael A. Telesca_____
MICHAEL A. TELESCA
United States District Judge

Dated:    January 19, 2010
          Rochester, New York